1  **BERNS WEISS LLP**
   Jeffrey K. Berns (SBN 131351)
2  jberns@law111.com
3  20700 Ventura Blvd., Suite 140
   Woodland Hills, CA 91364
4  Telephone:  (818) 961-2000
   Facsimile:  (818) 999-1500
5
6  Attorneys for Plaintiff
7
   **SIDLEY AUSTIN LLP**
8  Michael L. Mallow (SBN 188745)
   mmallow@sidley.com
9  555 West Fifth Street
   Los Angeles, CA 90013
10 Telephone: 213.896.6666
   Facsimile: 310.896.6600
11
12 Attorneys for Defendant ReachLocal, Inc.
13
   *Additional counsel listed in signature block*
14
15            **UNITED STATES DISTRICT COURT**
16            **CENTRAL DISTRICT OF CALIFORNIA**
17

| | |
|---|---|
| SHAKED & POSNER, on behalf of itself and all others similarly situated, | Case No.: 2:14-cv-03400-DMG-SS |
| | Assigned to Hon. Dolly M. Gee |
| Plaintiff, | |
| v. | [Discovery Document: Referred to Magistrate Judge Suzanne H. Segal] |
| REACHLOCAL, INC., and DOES 1 through 100, | ~~PROPOSED~~ STIPULATED PROTECTIVE ORDER |
| Defendants. | Complaint Filed:  May 2, 2014 |

18
19
20
21
22
23
24
25
26
27
28

## 1. PURPOSES AND LIMITATIONS

Plaintiff Shaked & Posner ("Plaintiff") and Defendant ReachLocal, Inc. ("Defendant," and collectively with Plaintiff, the "Parties") hereby stipulate and agree between and among themselves, by and through their attorneys, to the entry of this Stipulated Protective Order ("Protective Order" or "Order") to govern the use, dissemination, and disclosure of certain documents and materials described below and obtained by the parties through discovery in the above-captioned matter, *Shaked & Posner v. ReachLocal, Inc., et al.*, 2:14-cv-03400-DMG (the "Action").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited categories of information or items identified in Sections 2.6 and 2.7, *infra*. This Protective Order does not modify any of the relevant procedures set forth in the Local Civil Rules.

### 1.1   Good Cause Statement

Per the Court's standing order, the Parties hereby identify reasons establishing good cause. Plaintiff is a law firm, and wishes to protect its confidential marketing strategy and communications. Defendant is a digital marketing company that desires to protect, *inter alia*, confidential and proprietary intellectual property, know-how, proprietary business processes, and business relationships (including terms thereof) in order to avoid competitive harm; it also seeks to protect confidential customer information, including confidential marketing strategy and communications information for its customers, the disclosure of which could cause competitive harm to its customers; it also seeks to protect from disclosure to competitors and customers its customer base and other, non-public information about its customers.

1

PROPOSED STIPULATED PROTECTIVE ORDER
Case No. 2:14-cv-03400-DMG-SS

Case 2:14-cv-03400-DMG-SS   Document 46   Filed 03/12/15   Page 3 of 28   Page ID #:295

The Court being fully advised, and upon good cause shown, enters the following Protective Order limiting the disclosure and use of certain discovered information as hereinafter provided.

## 2.   DEFINITIONS

2.1    Party: As used in this Order, "Party" shall refer to any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    Disclosure or Discovery Material: As used in this Order, "Disclosure" or "Discovery Material" shall refer to all information, premises, documents, and things owned or controlled by a Party, or any parents, subsidiaries, divisions, branches, affiliates, related companies, agents, or licensees of any Party (each a "Related Party"), or of any other parties added or substituted in this case, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are subject to discovery in this Action, including without limitation, testimony adduced at depositions upon oral examination or upon written questions, deposition exhibits, responses to interrogatories, responses to requests for admission, responses to requests for production of documents, documents and things produced, information obtained from inspection of premises or things, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a Party or third party in connection with the Action.

2.3    Producing Party: As used in this Order, "Producing Party" shall refer to a Party to this Action and to third parties that produce Disclosures or Discovery Material in this Action.

2.4    Receiving Party: As used in this Order, "Receiving Party" shall refer to a Party to this Action that receives Disclosures or Discovery Material in this Action.

2

Case 2:14-cv-03400-DMG-SS   Document 46   Filed 03/12/15   Page 4 of 28   Page ID #:296

2.5  <u>Designating Party</u>: As used in this Order, "Designating Party" shall refer to a Party to this Action or a third party that designates Disclosure or Discovery Material as "Confidential" Or "Highly Confidential."

2.6  <u>"Confidential" Disclosure or Discovery Material</u>: As used in this Order, "Confidential" Disclosure or Discovery Material shall refer to any Disclosure or Discovery Material that a Producing Party believes in good faith to be non-public, confidential, or sensitive trade secrets, research, design, development, financial, technical, marketing, planning, personal, commercial, or otherwise proprietary information, as such terms are used in Rule 26(c)(1) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1).   The Parties seek protection from unrestricted disclosure of Confidential Disclosures or Discovery Material to the public, including competitors and other third parties.

2.7  <u>"Highly Confidential" Disclosure or Discovery Material</u>: As used in this Order, "Highly Confidential" Disclosure or Discovery Material shall refer to "Confidential" Disclosures or Discovery Material that a Producing Party believes in good faith to include highly sensitive information that (1) if disclosed to a Direct Competitor, would or may cause competitive harm or (2) if publicly disclosed, would cause harm to another person, including but not limited to (a) particularly sensitive trade secrets, (b) confidential or competitively sensitive research, development, financial or commercial information, or (c) highly sensitive personal information (such as credit information, residential addresses and/or social security numbers).

2.8  <u>Protected Material</u>: As used in this Order, "Protected Material" shall refer to any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential."

PROPOSED STIPULATED PROTECTIVE ORDER
Case No. 2:14-cv-03400-DMG-SS

2.9   Outside Counsel:  As used in this Order, "Outside Counsel" shall refer to attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   House Counsel:  As used in this Order, "House Counsel" shall refer to attorneys who are employees of a Party.

2.11   Counsel (without qualifier):  As used in this Order, "Counsel" shall refer to Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert:  As used in this Order, "Expert" shall refer to a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party or a current employee of a Direct Competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a Direct Competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this Action.

2.13   Professional Vendors:   As used in this Order, "Professional Vendors" shall refer to persons or entities that provide litigation support services (*e.g.*,  photocopying;  videotaping;  translating;  preparing  exhibits  or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) to a Party and their employees and subcontractors.

2.14   Direct Competitor:   With respect to ReachLocal, a "Direct Competitor" shall refer any person or entity that offers its own advertising and/or marketing platform to help businesses acquire, maintain, and retain customers via the internet.

## 3.   SCOPE

This Order does not apply to information, Protected Material or otherwise, presented at court proceedings and/or trial, subject to Paragraph 8.5 below. The

4

protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or Counsel to or in court or in other settings that might reveal Protected Material.

**4.    DURATION**

This Order applies to information exchanged or obtained in discovery in this Action.   Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party that produced the Protected Material at issue agrees otherwise in writing or a Court order otherwise directs.  At the appropriate time, the Parties will seek a separate order from the district judge for other proceedings, such as pre-trial and post-judgment matters.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Labeling Protected Material.</u>  All Disclosures and Discovery Material deemed "Confidential" or "Highly Confidential" will be so identified and labeled by the Producing Party.  If qualified Disclosures and Discovery Material cannot reasonably be labeled, they shall be designated as "Confidential" or "Highly Confidential" in a manner to be agreed upon by the Parties.

5.2    <u>Acceptance of Protected Material.</u>  Acceptance by a Receiving Party of information, documents, or things marked as "Confidential" or "Highly Confidential" shall not (a) constitute a concession that such information, documents, or things in fact are, or include, Confidential or Highly Confidential Disclosures or Discovery Materials; or (b) constitute an agreement or admission by any Party with respect to the competency, relevancy, or materiality of any such information, document, or thing.

5.3 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Designating Party will take reasonable care to designate for protection only those Disclosures or Discovery Material that the Designating Party reasonably believes qualifies for protection under this Order.  Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Designating Party's attention that Disclosures or Discovery Material that it designated for protection do not qualify for the protection initially asserted, that Party or non-party must promptly notify all Receiving Parties that it is withdrawing the designation and reproduce the Disclosures or Discovery Material without any designation.

5.4 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.4(b), below), or as otherwise stipulated or ordered, Disclosures or Discovery Material  that qualifies for protection under this Order should be clearly so designated at the time the material is disclosed or produced.

The designation of Disclosures or Discovery Materials as "Confidential" or "Highly Confidential" Disclosures or Discovery Materials for purposes of this Order shall be made in the following manner:

(a) **Documents:**  In the case of documents or other materials (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page containing Confidential or Highly Confidential Disclosures or Discovery Material, respectively.

A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party(ies) have indicated which material they would like copied and produced.  During the inspection and before the designation, all of the material

6

1   made available for inspection shall be deemed Protected Material. After the

2   inspecting party(ies) have identified the documents they want copied and

3   produced, the Producing Party will determine which documents qualify for

4   protection under this Order. Before producing the specified documents, the

5   Producing Party will affix the legend "CONFIDENTIAL" or "HIGHLY

6   CONFIDENTIAL" to each page containing Confidential or Highly Confidential

7   Disclosures or Discovery Material, respectively. All material not selected for

8   production by any inspecting party shall be deemed Protected Material and so

9   treated by the inspecting party(ies).

10          (b)    **Deposition and Other Proceedings:**  In the case of

11   depositions or other pre-trial testimony, designation of the portion of the

12   transcript (including exhibits) that contains Confidential or Highly Confidential

13   Disclosures or Discovery Materials shall be made either:  (i) by a statement to

14   such effect on the record during the proceedings in which such testimony is

15   received; (ii) by written notice served on counsel of record in this Action within

16   thirty (30) days after delivery of the final transcript of such proceedings, or (iii)

17   as otherwise agreed by Counsel.

18          Only those portions of the testimony that are appropriately

19   designated for protection within the thirty (30) days after delivery of the

20   deposition transcript shall be covered by the provisions of this Stipulated

21   Protective Order.  However, before such thirty (30) day period expires, all

22   testimony, exhibits, and transcripts of depositions or other testimony shall be

23   treated as Highly Confidential.  Transcript pages containing Protected Material

24   must be separately bound by the court reporter, who must affix to the top or

25   bottom of each such page the legend "CONFIDENTIAL" or "HIGHLY

26   CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring

27   the witness or presenting the testimony. All portions of deposition transcripts not

28

7

1  designated as Confidential or Highly Confidential as provided in Paragraph B
2  shall be deemed not confidential.  No copy of any transcript of any deposition
3  taken by any party that is designated in whole or in part as Confidential or
4  Highly Confidential shall be furnished by the reporter to any person other than to
5  counsel of record for the Parties, or to any other person unless expressly
6  authorized herein.

7       (c)  **Non-Written Disclosure or Discovery Materials:** Any non-
8  written Confidential or Highly Confidential Disclosures or Discovery Material
9  (*e.g.,* videotape, audio tape, computer disk, tangible items, etc.) may be
10  designated as such by the Producing Party affixing, in a prominent place on the
11  exterior of the container or containers in which the information or item is stored,
12  the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  In the event
13  that a Receiving Party generates any "hard copy" transcription or printout from
14  any such designated non-written Disclosures or Discovery Material, the person
15  who generates such "hard copy" transcription or printout shall use best efforts to
16  maintain the confidentiality of such Disclosures or Discovery Material.

17       (d)  **Materials Prepared or Based on Confidential or Highly**
18  **Confidential Disclosures or Discovery Materials:**  Any notes, lists,
19  memoranda, indices, compilations, or other materials prepared or based on an
20  examination of Confidential or Highly Confidential Disclosures or Discovery
21  Material that quote from or paraphrase Confidential or Highly Confidential
22  Disclosure or Discovery Material with such specificity that the content or
23  substance of the Confidential or Highly Confidential Disclosures or Discovery
24  Material can be identified shall be accorded the same status of confidentiality as
25  the underlying Confidential or Highly Confidential Disclosures or Discovery
26  Material from which they are made and shall be subject to all of the terms of this
27  Order.

28

8

1       5.5    <u>Inadvertent Failures to Designate or Misdesignation of Disclosure or</u>

2   <u>Discovery Materials as "Confidential" or "Highly Confidential."</u>  The inadvertent

3   failure to designate a Disclosure or Discovery Material as "Confidential" or

4   "Highly Confidential," or the inadvertent designation of an item with an incorrect

5   designation of confidentiality, do not constitute a waiver of the appropriate

6   designation and may be remedied by prompt supplemental written notice upon

7   discovery of the error with the effect that such Disclosure or Discovery Material

8   will be subject to the protections of this Order as though the Disclosure or

9   Discovery Material had been properly designated at first instance.

10       If any Confidential or Highly Confidential information is inadvertently

11   produced without being marked appropriately as Protected Material in

12   accordance with this Order, the Producing Party may thereafter designate such

13   material(s) as Confidential or Highly Confidential.  Such corrections and notice

14   thereof shall be made in writing, accompanied by substitute copies of each item

15   appropriately marked.  Upon receipt of such notice, the Receiving Party shall

16   immediately:

17   (1) destroy all copies of the incorrectly-designated Disclosures or

18        Discovery Material, including copies made by others who obtained

19        such Disclosures or Discovery Material directly or indirectly from the

20        Receiving Party;

21   (2) provide notice to all persons who have received the Disclosure or

22        Discovery Material directly or indirectly from the Receiving Party that

23        the Disclosures or Discovery Material are designated "Confidential" or

24        "Highly Confidential" (as applicable) and must be treated as designated

25        in this Order; and

26

27

28

PROPOSED STIPULATED PROTECTIVE ORDER
Case No. 2:14-cv-03400-DMG-SS

1   (3) replace such incorrectly-designated Disclosures or Discovery Material
2       with copies that have been marked with the appropriate confidentiality
3       legend by the Producing Party.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>.  Unless a prompt challenge to a Producing Party's designation of Protected Material is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later undue disruption or delay of the Action, a Party does not waive its right to challenge a designation of Protected Material by electing not to mount a challenge promptly after the original designation is disclosed..

6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's designation of Protected Material must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with Counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the designation of Protected Material was not proper and must give the Designating Party an opportunity to review the Protected Material at issue, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3   <u>Judicial Intervention</u>. A Party electing to challenge the designation of material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" must comply with the procedure established in Civil Local Rules 37-1 and 37-2.  The burden of persuasion in any such challenge shall be on the Designating Party. All Parties shall continue to afford the material in question the level of protection to which it is entitled in accordance with the Producing Party's designation until

10

1   (1) there is an order of the Court to the contrary, or (2) there is an express written

2   agreement between the Parties resolving such dispute.

3   **7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

4         7.1    <u>Basic Principles</u>.   It is the general intent of the parties to limit

5   disclosure of Confidential and Highly Confidential Disclosures or Discovery

6   Material to the smallest number of persons, consistent with the needs of

7   litigation.   To that end, a Receiving Party may use Protected Material that is

8   disclosed or produced by a Designating Party in connection with this Action only

9   for prosecuting, defending, or attempting to settle this litigation. Such Protected

10  Material may be disclosed only to the categories of persons and under the

11  conditions described in this Order.   When the litigation has been terminated, a

12  Receiving Party must comply with the provisions of Section 12 (FINAL

13  DISPOSITION), below.   Protected Material must be stored and maintained by a

14  Receiving Party at a location and in a secure manner that ensures that access is

15  limited to the persons authorized under this Order.

16        Each person having access to Confidential or Highly Confidential

17  Disclosures or Discovery Material under this Order shall use take all reasonable

18  steps to comply with this Order.   In addition, each person to whom Confidential

19  or Highly Confidential Disclosures or Discovery Material may be disclosed and

20  who is required to sign the "Acknowledgment And Agreement To Be Bound"

21  attached hereto as Exhibit A shall do so prior to the time Confidential or Highly

22  Confidential Disclosures or Discovery Material are disclosed.

23        7.2    <u>Disclosure of "CONFIDENTIAL" Disclosure or Discovery</u>

24  <u>Materials</u>.  Unless otherwise ordered by the Court or permitted in writing by the

25  Designating Party, Disclosures or Discovery Materials designated as

26  "Confidential" may be summarized, described, characterized, disclosed, or

27  otherwise communicated or made available in whole or in part only to:

28

11

(a)  the Receiving Party's Outside Counsel of record in this Action, as well as paralegals, technical, administrative, and clerical employees working under the direct supervision of such counsel and to whom it is reasonably necessary to disclose the information for this litigation.  Counsel of record shall be responsible to ensure that the supervised personnel comply with the terms of this Order;

(b)  the officers, directors, and employees (including House Counsel) of parties to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment And Agreement To Be Bound" attached hereto as Exhibit A;

(c)  subject to Paragraph 7.4 hereof, Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment And Agreement To Be Bound" which is attached as Exhibit A;

(d)  the Court, including persons employed by the Court who are necessary for the handling of the Action;(e) court reporters transcribing the testimony or argument at hearing, trial, or deposition in this Action or any appeal therefrom, and the staffs of those court reporters, as reasonably necessary;

(f)  individual named plaintiffs who have signed the "Acknowledgment And Agreement To Be Bound" attached hereto as Exhibit A;

(g)  mediators and their staff to whom disclosure is reasonably necessary for this Action; and

(h)  any person indicated by a document marked as "Confidential" Disclosures or Discovery Material to be an author, addressee, or copy recipient of the Confidential Disclosures or Discovery Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that

---

12

1    the person was the author or recipient of the Confidential Disclosures or

2    Discovery Material;

3               (i)    Deponents other than Direct Competitors to whom disclosure

4    is reasonably necessary, provided they sign the "Acknowledgment And

5    Agreement To Be Bound" attached hereto as Exhibit A;

6               (j)    Professional Vendors (as defined in this Order) of the

7    Receiving Party to whom disclosure is reasonably necessary for this litigation

8    and who have signed the "Acknowledgment And Agreement To Be Bound"

9    which is attached as Exhibit A

10              (k)    any other person, only upon order of the Court or upon

11   stipulation of the Producing Party, who has signed the "Acknowledgment And

12   Agreement To Be Bound" attached hereto as Exhibit A.

13       7.3    Disclosure of "HIGHLY CONFIDENTIAL" Disclosure or

14   Discovery Materials.  Except as specifically provided for in this or subsequent

15   Court orders, Highly Confidential Disclosures or Discovery Materials or their

16   contents shall not be summarized, described, characterized, disclosed, or

17   otherwise communicated or made available in whole or in part to any person or

18   entity, directly or indirectly, other than the following:

19              (a)    the Court, including persons employed by the Court who are

20   necessary for the handling of the Action;

21              (b)    court reporters transcribing the testimony or argument at

22   hearing, trial, or deposition in this Action or any appeal therefrom, and the staffs

23   of those court reporters as reasonably necessary;

24              (c)    the Receiving Party's counsel of record in this Action, as well

25   as paralegals, technical, administrative, and clerical employees working under

26   the direct supervision of such Counsel.  Counsel of record shall be responsible to

27   ensure that the supervised personnel comply with the terms of this Order;

28

(c)  subject to Paragraph 7.4 hereof, Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment And Agreement To Be Bound" attached hereto as Exhibit A.

(d)  Professional Vendors (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment And Agreement To Be Bound" which is attached as Exhibit A. A signature by an authorized representative of a Professional Vendor who confirms that he or she has appropriately advised the relevant employees of the confidentiality obligations in this Order and taken reasonable steps to comply thereto shall be sufficient;

(e)  any person indicated by a document marked as "Highly Confidential" Disclosures or Discovery Material to be an author, addressee, or copy recipient of the Highly Confidential Disclosures or Discovery Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Highly Confidential Disclosures or Discovery Material; and

(f)  any other person, only upon order of the Court or upon stipulation of the Producing Party, who has signed the "Acknowledgment And Agreement To Be Bound" attached hereto as Exhibit A.

7.4  <u>Plaintiff's Outside Experts and Consultants.</u>  Confidential and Highly Confidential Disclosures or Discovery Material may not be shared with or disclosed to any Expert who is currently employed by, or becomes employed by during the course of this Action, a Direct Competitor of ReachLocal or any Related Party unless and until: (1) the Expert executes the "Acknowledgment And Agreement To Be Bound" attached hereto as Exhibit A; and (2) Counsel for ReachLocal and/or any Related Party named or subpoenaed in this Action are

14

provided written notice of the identity of the Expert (including his or her name, current job title, and the name of the Direct Competitor by which he or she is employed) and given ten (10) business days in which to make an application to the Court to prevent the Expert from being provided with the Confidential or Highly Confidential Disclosures or Discovery Material of ReachLocal.

7.5    Additional Parties Joining the Action. In the event that additional parties join in this Action, the newly joined party(ies) shall not have access to Confidential or Highly Confidential Disclosures or Discovery Material until its counsel has executed and, at the request of any Party, filed with the Court its agreement to be fully bound by this Order. If any additional law firms make appearances in this Action, attorneys of such firms shall not have access to Confidential or Highly Confidential Disclosures or Discovery Material until they execute the "Acknowledgment And Agreement To Be Bound" attached hereto as Exhibit A.

**8.    USE, HANDLING, AND STORAGE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL DISCLOSURE OR DISCOVERY MATERIALS**

8.1    Confidential or Highly Confidential Disclosures or Discovery Materials shall be used solely for purposes of the Action, including any appeal and retrial. Any person or entity in possession of Disclosures or Discovery Material designated as "Confidential" or "Highly Confidential" shall maintain those materials in accordance with Paragraph 8.3 below.

8.2    Neither Confidential nor Highly Confidential Disclosures or Discovery Material shall be disclosed, shared, distributed, used, or otherwise provided in any manner to legal counsel in pending or threatened litigation against ReachLocal or any Related Party whether inside or outside of the United

1   States through any other provision of this Protective Order, including but not
2   limited to Paragraphs 7.2, 7.3 and 7.4 above.

3        8.3   The recipient of any Confidential or Highly Confidential
4   Disclosures or Discovery Material provided under this Protective Order shall use
5   best efforts to maintain such information in a secure and safe manner that ensures
6   that access is limited to persons authorized under this Order.

7        8.4   <u>Filing Confidential or Highly Confidential Disclosures or Discovery</u>
8   <u>Materials</u>: Without written permission from the Producing Party or a court order,
9   a Party may not file in the public record in this Action any Confidential or
10  Highly Confidential Disclosures or Discovery Materials.

11         (a)   The Parties shall comply with Local Rule 79-5 when seeking
12  to file Confidential or Highly Confidential Disclosures or Discovery Material
13  under seal.

14         (b)   The Parties shall also comply with Local Rule 5.2 with
15  respect to the appropriate treatment of personal identifier information in
16  connection with any filing with the Court.

17       8.5   In the event that any Confidential or Highly Confidential
18  Disclosures or Discovery Materials is used in any court proceeding in this Action
19  or any appeal therefrom, such Confidential or Highly Confidential Disclosures or
20  Discovery Materials shall not lose its status as "Confidential" or "Highly
21  Confidential" through such use.  Prior to any disclosure, Counsel shall identify
22  which Confidential or Highly Confidential Disclosures or Discovery Materials of
23  any other party it may wish to use in a court proceeding in this Action
24  sufficiently in advance of such use so that there is sufficient time in advance of
25  such proceeding for the Designating Party to take all steps necessary to protect
26  the Confidential or Highly Confidential Disclosures or Discovery Materials,

27

28

16

PROPOSED STIPULATED PROTECTIVE ORDER
Case No. 2:14-cv-03400-DMG-SS

1 including without limitation moving for a protective order and/or petitioning the

2 Court to close the court room.

3 **9. PROTECTED MATERIAL SUBPOENAED OR ORDERED**

4 **PRODUCED IN OTHER LITIGATION**

5 If a Receiving Party is served with a subpoena or an order issued in other

6 litigation that would compel disclosure of any information or items designated in

7 this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the

8 Receiving Party must so notify the Designating Party, in writing by hand,

9 facsimile, or electronic mail immediately (but in no event later than five (5) days

10 after receiving the subpoena or order or by no later than two (2) days prior to the

11 return date identified on the subpoena (whichever is earlier)). Such notification

12 must include a copy of the subpoena or court order.

13 The Receiving Party also must immediately notify in writing counsel of

14 record for the party who caused the subpoena or order to issue in the other

15 litigation that some or all the material covered by the subpoena or order is the

16 subject of this Protective Order, and promptly deliver a copy of this Stipulated

17 Protective Order.

18 The purpose of imposing these duties is to alert the interested parties to the

19 existence of this Protective Order and to afford the Designating Party a

20 reasonable opportunity to try to protect its competitive or confidentiality

21 interests, or its rights or obligations, in the court from which the subpoena or

22 order issued. The Designating Party shall be responsible for seeking protection

23 in of its Protected Material.

24 **10. UNAUTHORIZED DISCLOSURE OR USE OF PROTECTED**

25 **MATERIAL**

26 If a Receiving Party learns that, by inadvertence or otherwise, it has

27 disclosed Protected Material to any person or in any circumstance not authorized

28

PROPOSED STIPULATED PROTECTIVE ORDER
Case No. 2:14-cv-03400-DMG-SS

1   under this Stipulated Protective Order, the Receiving Party must immediately (a)

2   notify in writing the Producing Party of the unauthorized disclosures, (b) use its

3   best efforts to retrieve all copies of the Protected Material, (c) inform the person

4   or persons to whom unauthorized disclosures were made of all the terms of this

5   Order, and (d) request such person or persons to execute the "Acknowledgment

6   And Agreement To Be Bound" that is attached hereto as Exhibit A.  Information

7   designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this

8   Stipulated Protective Order may not be used by anyone for any purpose unrelated

9   to this Action.

10       In the event that any person or party threatens to violate or violates the

11   terms of this Protective Order, the Party who provided the Protected Material to

12   such person or party or the Party responsible for or knowledgeable of such threat

13   or violation shall immediately: (1) inform the Producing Party of all facts

14   pertinent to the threat or violation that, after due diligence and prompt

15   investigation, are known (including without limitation the name, address, and

16   employer of the person or party who threatened to violate or violated the terms of

17   the Order), (2) use best efforts to prevent violation (or further violation, as

18   applicable) of the Order and (3) fully cooperate with the Producing Party should

19   it decide to apply to the Court for relief.  This Court shall retain jurisdiction over

20   the Parties and any other person subject to the terms of this Protective Order for

21   the purpose of enforcing this Order.

22   **11.   FINAL DISPOSITION.**

23       Unless otherwise ordered or agreed in writing by the Producing Party,

24   within sixty (60) days after the final termination and the exhaustion of any

25   appeals in this Action, each Receiving Party must destroy or return all Protected

26   Material to the Producing Party.  As used in this subdivision, "all Protected

27   Material" includes all copies, abstracts, compilations, summaries or any other

28

form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

The Clerk of the Court shall maintain the documents as restricted documents for a minimum of 63 days following the final disposition of this case including appeals. Except where the Court, in response to a request of a Party or on its on its own motion, orders otherwise, at the end of the 63-day period, the Producing Party shall have the right to petition the clerk to destroy the restricted documents.

Outside Counsel of record for the Parties may maintain one copy of all correspondence, pleadings, deposition and trial transcripts, and attorney work product, provided that such Outside Counsel shall not disclose Confidential or Highly Confidential Disclosures or Discovery Material to any person unless pursuant to a court order or agreement with the Producing Party, subject to the terms herein. Subject to this exception, Counsel of record shall have 30 days to

19

1  certify to Counsel for the Producing Party that all additional copies of Disclosure

2  or Discovery Materials so designated in their possession, custody, or control

3  have been destroyed.

4  **12.  MISCELLANEOUS**

5  12.1  Nothing in this Stipulated Protective Order abridges the right of any

6  person to seek its modification by the Court in the future, however, no such

7  modification shall have the force or effect of a Court order until and unless the

8  Court approves the modification.

9  12.2  By stipulating to the entry of this Protective Order no Party waives

10  any right it otherwise would have to object to disclosing or producing any

11  information or item on any ground not addressed in this Protective Order.

12  Similarly, no Party waives any right to object on any ground to use in evidence

13  of any of the material covered by this Protective Order.

14  12.3  Any Party issuing a subpoena to a non-party after the Court has

15  entered this Protective Order shall enclose a copy of this Protective Order with

16  the subpoena, or if a subpoena has already been served, provide a copy to the

17  non-party within three (3) business days of entry of this Protective Order.

18  12.5  Nothing in this Protective Order shall prevent any Party from

19  applying to the Court for further or additional protection for any document or

20  information.

21  12.6  The Parties intend that this Protective Order shall be consistent with

22  the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any

23  applicable Local Rules. For purposes of computing any period of time under this

24  Protective Order, the provisions of Federal Rule Civil Procedure 6 and the Local

25  Rules of the Court shall apply.

26  12.7  This Order shall not be construed as waiving any right to assert a

27  claim of privilege, relevance, overbreadth, burdensomeness, or other grounds for

28

20

PROPOSED STIPULATED PROTECTIVE ORDER
Case No. 2:14-cv-03400-DMG-SS

1    not producing material called for, and access to such material shall only be as

2    otherwise provided by the discovery rules and other applicable laws.

3         12.8   <u>No Prejudice.</u> Complying with the terms of this Order, or agreeing

4    to and/or producing or receiving Confidential or Highly Confidential Disclosures

5    or Discovery Material shall not:

6            (a)    prejudice in any way the rights of the Parties to object to the

7    production of documents they consider not to be subject to discovery, or operate

8    as an admission by any Party that the restrictions and procedures set forth herein

9    constitute adequate protection for any particular information deemed by any

10    Party to be Confidential or Highly Confidential Disclosures or Discovery

11    Material;

12            (b)    prejudice in any way the rights of any Party to object to the

13    authenticity or admissibility into evidence of any document, testimony, or other

14    evidence subject to this Stipulated Protective Order;

15            (c)    prejudice in any way the rights of a Party to seek a

16    determination by the Court whether any Confidential or Highly Confidential

17    Disclosures or Discovery Material should be subject to the terms of this

18    Stipulated Protective Order;

19            (d)    prejudice in any way the rights of a Party to petition the Court

20    for relief from the Order or any part thereof, or for relief from its application in

21    any particular circumstance, or from applying to the Court for further or

22    additional protective agreements or orders; or

23            (e)    prevent a Producing Party from authorizing disclosure of its

24    own Confidential or Highly Confidential Disclosures or Discovery Material to

25    anyone.

26         12.9   <u>Inadvertent Disclosure of Privileged Disclosures or Discovery</u>

27    <u>Material.</u> Nothing in this Order requires the production of privileged or work-

21

28

PROPOSED STIPULATED PROTECTIVE ORDER<br>Case No. 2:14-cv-03400-DMG-SS

Case 2:14-cv-03400-DMG-SS Document 46 Filed 03/12/15 Page 23 of 28 Page ID #:315

1   product Disclosures or Discovery Material, or any Disclosures or Discovery

2   Material that are otherwise not subject to discovery. Disclosure (including

3   production) of information that a Party or non-Party later determines should not

4   have been disclosed because of a privilege, including but not limited to, the

5   attorney-client privilege or work product doctrine ("Privileged Information"),

6   shall not constitute a waiver of, or estoppel as to, any claim of attorney-client

7   privilege, attorney work-product, or any other applicable privilege or immunity

8   as to which the Producing Party would be entitled in the Action or any other

9   federal or state proceeding. If a Producing Party inadvertently discloses to a

10  Receiving Party information that is privileged, said Producing Party shall, upon

11  discovery of such disclosure, promptly advise the Receiving Party in writing and

12  request that the item(s) of information be returned or destroyed, and no party to

13  this Action shall thereafter assert that such disclosure waived any privilege. It is

14  further agreed that the Receiving Party will return or certify the destruction of

15  such inadvertently produced item(s) of information and all copies thereof within

16  five (5) business days of receiving a written request for the return or destruction

17  of such item(s) of information; must not use or disclose the privileged

18  information until the claim is resolved; and must take reasonable steps to retrieve

19  the privileged information if the Receiving Party disclosed the privileged

20  information before being notified. If, after conferring, the Parties cannot agree as

21  to whether a document should be protected from disclosure by a privilege or

22  immunity, the Producing Party shall have fifteen (15) business days thereafter to

23  send its portion of a written stipulation to the Receiving Party, and the

24  procedures set forth in Local Rule 37-2 shall be followed, after which the written

25  stipulation shall be filed with the Court. While the matter is pending for

26  decision, the Receiving Party shall not make any use of such document during

27  deposition, hearing or trial, and such document shall not be shown by the

28

22

1    Receiving Party to anyone until the issue of whether the document should be

2    protected from disclosure is finally and completely adjudicated.

3        12.10 <u>Redactions</u>. Any Producing Party may redact from the documents

4    and things it produces information that the Producing Party claims is subject to

5    the attorney-client privilege, work product immunity, a legal prohibition against

6    disclosure, or any other privilege or immunity, provided that the Producing Party

7    produce a log setting forth the reason for the redactions. The Producing Party

8    shall mark each document or thing where information has been redacted with a

9    legend stating "REDACTED," as appropriate, or a comparable notice. Where a

10   document consists of more than one page, at least each page on which

11   information has been redacted shall be so marked. The Producing Party shall

12   preserve an unredacted version of each such document or thing.

13       The Parties, through their undersigned counsel, agree to the terms of this

14   Protective Order as of the last dates shown below.

15

16   Dated: March 12, 2015              SIDLEY AUSTIN LLP

17

18                                     By:  /s/ Livia M. Kiser
                                       Livia M. Kiser (SBN 285411)
19                                     lkiser@sidley.com
                                       Karim Basaria (*pro hac vice*)
20                                     kbasaria@sidley.com
                                       One South Dearborn
21                                     Chicago, IL  60603
                                       Telephone:  312.853.7247
22                                     Facsimile:   312.853.7036

23                                     Michael L. Mallow (SBN 188745)
                                       mmallow@sidley.com
24                                     555 West Fifth Street
                                       Los Angeles, CA  90013
25                                     Telephone: 213.896.6666
                                       Facsimile: 310.896.6600
26
                                       Attorneys for Defendant ReachLocal, Inc.
27
                                                23
28   ──────────────────────────────────────────────────
                  PROPOSED STIPULATED PROTECTIVE ORDER
                        Case No. 2:14-cv-03400-DMG-SS

1

Dated:  March 12, 2015          BERNS WEISS LLP

2

3                               By:   /s/ Lee A. Weiss
                                Lee A. Weiss (SBN 297834)
4                               lweiss@law111.com
                                585 Stewart Avenue, Suite L-20
5                               Garden City, NY 11530
                                Telephone: 516.222.2900
6                               Facsimile: 818.999.1500

7                               Jeffrey K. Berns (SBN 131351)
                                jberns@law111.com
8                               20700 Ventura Blvd., Suite 140
                                Woodland Hills, CA 91364
9                               Telephone: 818.961.2000
                                Facsimile: 818.999.1500

10

11                              Attorneys for Plaintiff Shaked & Posner

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

*Shaked & Posner v. ReachLocal, Inc., et al.*
Central District of California
Case No. 2:14-cv-03400-DMG

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that:

1. I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Shaked & Posner v. ReachLocal, Inc., et al.*, 2:14-cv-03400-DMG (SSx) on _____[Date].

2. I have carefully read and understand the provisions of the Stipulated Protective Order.

3. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

4. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order, even if such enforcement proceedings occur after termination of this action.

5. After I have been informed that this Action, including any appeals, has been completed, I will return all Disclosure or Discovery Materials containing or disclosing "Confidential" or "Highly Confidential" Disclosure or Discovery Materials that come into my possession, and Disclosure or Discovery Materials that I have prepared related thereto, to counsel for the Party that provided me with the "Confidential" or "Highly Confidential" Disclosure or Discovery Materials.

25

6.     I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order.

7.     I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

8.     I certify that, to the best of my knowledge, I am not a past or a current employee of a Party or a current employee of a Direct Competitor of a Party and I do not anticipate becoming an employee of a Party or a Direct Competitor of a Party.  If I do become an employee of a Party or a Direct Competitor of a Party I will immediately advise counsel for the Party that provided me with the "Confidential" or "Highly Confidential" Disclosure or Discovery Materials.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____        By: _____

                                   Printed name: _____

City and State where sworn and signed:

26

PROPOSED STIPULATED PROTECTIVE ORDER
Case No. 2:14-cv-03400-DMG-SS

## CERTIFICATION RE SIGNATURES

I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  March 12, 2015

                                        /s/ Lee. A. Weiss
                                        Lee A. Weiss
                                        BERNS WEISS LLP

PROPOSED STIPULATED PROTECTIVE ORDER
Case No. 2:14-cv-03400-DMG-SS